3 180618 people of the state of illinois appley versus marquee caustic appellant thank you good morning morning um mr fisher would you like to start yes thank you your honor good morning your honors may it please the court i'm representing the defendant in this case marquise caustic marquise was convicted in a jury trial a felony murder predicated on mob action two counts of mob action an aggravated battery with a firearm he was sentenced to consecutive terms of 34 years imprisonment for felony murder and 17 years for aggravated battery with a firearm his convictions and sentences were affirmed by this court on direct appeal this marquise subsequently filed a pro se post-conviction petition alleging numerous claims of constitutional violations that petition was summarily dismissed at the first stage by judge gilfolin who had not presided over the trial so the petition was dismissed without counsel being appointed without the state filing a response without an evidentiary hearing at least some of the claims raised in marquise's petition were adequately pled and were sufficient to withstand first stage post-conviction review as a result marquise respectfully asked this court to reverse the summary dismissal order and to remand this cause for additional post-conviction proceedings including the appointment of counsel now the state's theory of trial was that marquise and his brother michael were involved in a street fight with several other young men and that at some point either during or after that street fight either michael or marquise retrieved or and wounding another so the key questions for the jury to decide in this case were whether marquise was the shooter and whether or not he was the shooter whether he was involved in the street fighting the mob action now the jury heard somewhat limited and conflicting evidence concerning these two questions uh kimberly brock was a prosecution witness she testified she saw the events she identified marquise as the shooter apparently she didn't know marquise but she identified his photograph at the police station later on twyla williams who lived in the neighborhood and apparently knew the caustic brothers testified that she saw the events and that michael was the shooter jared hanneman a jailhouse snitch testified for the prosecution that he met up with marquise in the county jail at some point after the incident and the marquise told him that he and his brother michael were involved in the street fighting and then michael then pulled a gun and fired shots twyla williams a uh again the witness who had previously said that michael was the shooter she also testified she did not see marquise in the vicinity so again the issue was the evidence uh of marquise's involvement was somewhat limited and was conflicting well among other claims raised in the post-conviction petition marquise disclosed several new witnesses who did not testify at trial and he alleged that all of these witnesses would have contradicted the state's case would have exculpated him because they would have said either that michael was the these witnesses could have made a difference had they testified at trial uh the testimony these witnesses is discussed in issues one two and three in the briefs and those are the issues i would like to discuss this morning now appended to marquise's petition was an affidavit from his brother michael confessing that he acted alone michael said that that day he was attacked by several young men in the street at some point he was able to break away from the group he retrieved a gun returned to the scene and fired he said he was alone he also said in the affidavit he actually wished that somebody had been with him who could have talked him out of doing what he did but nobody else was there now the defense actually attempted to call michael as a witness at trial the difficulty for the defense is that michael was charged as a co-defendant in this case and was awaiting trial on his own charges when marquise's trial began so michael was actually brought into the courthouse in the end of the courtroom and questioned outside the presence of the jury but he invoked his fifth amendment right against self-incrimination and the judge honored that invocation so marquise's claim here supported by this affidavit was that this was newly available evidence of actual innocence another witness mentioned in the petition allegedly would have corroborated michael's testimony her name was cynthia singleton she is discussed in issue three appended to the petition was a transcript of her testimony at michael's trial in which she said she lived in the neighborhood she was outside in close proximity to where the events took place she said she saw a group of people attack michael saw michael break away return to the scene with a gun and fire shots and she also said she did not see marquise in the vicinity of where this all took place now the uh the record here shows that cynthia singleton and another witness discussed in issue three denisha crowley were actually subpoenaed by the petition is that trial counsel was ineffective because counsel talked marquise into proceeding to trial without these two subpoenaed witnesses when they did not show up at the courthouse on the first day of trial additional witnesses are discussed in issue two marquise alleged that these additional witnesses uh were at the scene at the time of the incidents and would have been able to testify either that marquise was not the shooter and or that he was not involved in the street fighting one of those individuals was his girlfriend at the time alexis evans and he appended to his petition an affidavit or i'm sorry a police report now the police report does not actually mention her name but marquise alleged that the police report was that is summarized in the and according to this police report she told the police that she was with marquise outside in the neighborhood in close proximity to where these events took place and that they were standing together during the street fighting so that marquise was not involved in the fight and that they were then driving in her car when they heard gunshots so he was not involved in the shooting other witnesses would have testified they were at the scene that they did not see marquise one of those was alan fitzpatrick marquise appended to his petition an affidavit from fitzpatrick saying that he was involved in the fighting did not see marquise again this petition was summarily dismissed at the first stage marquise submits that these witnesses testimony could well have made a difference and therefore uh these witnesses testimony at the very least warranted additional post-conviction proceedings now in his written order dismissing the petition judge set forth numerous reasons none of those reasons applied here as kind of a general overarching reason the judge said in general that the petition was frivolous and patently without merit now at least with respect to these particular claims also the claim involved in issue four i don't know how an objective jurist could say that these claims were frivolous and patently without merit there were serious claims new witnesses who could well have made a difference where the evidence of trial was somewhat limited and conflicting uh the judge also said uh for example that the new witnesses would not have made a difference in the outcome because this court on well first of all that comment by this court concerned as it had to concern only the evidence that was presented at trial now based on my prior summary of the evidence marquise believes that the evidence was closely balanced but at any event that decision by this court of course uh was made not knowing anything about these new witnesses and again these new witnesses certainly could have made a difference beyond that even had this case proceeded to a third stage evidentiary hearing where defendant makes a claim of actual innocence or even ineffective assistance of counsel for failing to call witnesses even at that third stage evidentiary hearing he does not have the he would have been acquitted all he has to show is that uh the new witnesses testimony shed new and important light on what happened that the new witnesses testimony uh cast doubt on the factual correctness of the jury's verdict that there is at least a possibility that the new which is where this petition was dismissed of course the petitioner's bar is much lower he need only make out an arguable claim of these things and with respect to ineffective assistance of counsel an arguable claim that counsel's conduct fell below an objective standard of reasonableness and an arguable claim that he was thereby prejudiced in addition the judge said that the not merit further proceedings because these were just disagreements with counsel's trial strategy now trial strategy again is a question to be resolved at the conclusion of the third stage where the judge can hear from counsel can hear from the defendant can hear from the witnesses trial strategy is not a reason to dismiss a petition at first stage beyond that as we know trial strategy can can certainly be valid but if for example is based on a failure to even talk to the defendant's witnesses uh then it's not valid uh illinois case law clearly states that counsel can be ineffective if he fails to present exculpatory evidence at his disposal so again the the burden at the first stage is only to make out an arguable claim that counsel was ineffective uh with respect to the affidavit of alan fitzpatrick the judge said well alan said in his affidavit he couldn't identify the shooter so his affidavit doesn't do much well again there were two important questions for the jury even if alan couldn't identify the shooter it was every bit as important whether or not marquise was involved in the street fighting because if he was not involved in the street fighting he's not guilty of mob action if he's not guilty of mob action he's not guilty of felony murder predicated on mob action which was the only murder charge at and in addition if he's not guilty if he's not involved in the street fighting he has no reason to aid in a bet the uh his brothers shooting the person who survived the aggravated battery with the firearm so that was short-sighted as well i apologize i think justice schmidt might have might have wanted to ask a question uh no no mr fisher no i'm okay i'm sorry your honor i did i did not have a question okay i apologize uh very quickly the last thing the judge did is he criticized marquise for only presenting some affidavits now at least those affidavits should have warranted further proceedings marquise explained in his petition he wasn't able to get affidavits from everybody he did obtain them from michael and from fitzpatrick because they personal contact with these other witnesses while he was in prison he was indigent he had no way of tracking them down uh so i think many of the reasons set forth by the judge were were simply short-sighted uh in all honesty i think the judge gave short shrift here and for all of these reasons marquise respectfully asks your honors to reverse the summary dismissal order and to cause for additional post-conviction proceedings and even ask your honors to direct that a different judge be assigned at that point thank you your honors thank you mr fisher mr ganetovic may it please the court counsel uh gary ganetovic from the state attorney's public prosecutor's office on behalf of the people of state of illinois um what i'd like to take and do is um before getting into the substance of some of the arguments i'd like to cover a couple um procedural aspects if you will with respect to summary dismissals of pcs um as counsels pointed out pc here's are limited to constitutional issues or claims of actual innocence and yes indeed the standard of pleading is just the gist of a claim and that standard is is a low threshold but it nonetheless is still a threshold it's nonetheless still a standard that has to be met in terms of actual innocence as counsel again stated defendant has to make an arguable claim that the evidence was newly discovered that it's material and non-cumulative as well as the fact of its conclusive character with respect to any effective assistance defendant has to take and make an arguable claim of deficient performance as well as an arguable claim of prejudice now in addressing these standards and addressing the petition okay there are two things that i want to take that kind of override both of the the first issue as well as issues two and three first of all as defendant points out the allegations in the petition are to be taken as true that's standard of pc case law developed from the ownership in court however in considering the adequacy of those allegations the trial judge just doesn't look at the allegations and take okay if they're true you know do they do this do they basically state these arguable claims what the trial judge is required to do is the trial judge is required to take and view the petition against the backdrop of the criminal proceedings they look at the record and they compare it to the record that has been presented the record of the trial proceedings in light of or in addition to the the petition itself and what they the supreme court in brown said citing miss hodges case is that a petition lacking an arguable basis and law or fact is one based on an indisputably meritless legal theory or a fanciful factual allegation a claim completely contradicted by the record is an example of an indisputably meritless legal theory so when the state makes its arguments in this case and and and is is comparing the allegations of petition against the record because it's the judge's the trial judge's judgment not his rationale that's on review but his judgment when we go to take and and and make this determination the state is is not arguing credibility factors not arguing credibility the state is simply pointing out that this is what the record that the trial judge had that he had before him when he went in terms of judging the adequacy and the legal sufficiency of the sufficiency if you will in the summary dismissal stage about whether or not the claim set forth an arguable allegation sufficient to take and withstand summary dismissal um in terms of the affidavits i've made a number of arguments with four of the five actually there's there's there's in the second issue there's five uh individuals that are pointed to in the third issue there are two one who testified at the co-defendants trial scene i have said with respect to all of the six of these seven witnesses that there are no affidavits that were supplied and counsel replied in his reply brief that you know and stated here that you know he's indigent that the defendant is indigent that it's difficult to take him and get these matters together and it's difficult to get these affidavits and that is not something that that has not gone unnoticed by the only supreme court because in in in collins the only supreme court said we recognize of course that requiring the attachment of affidavits records of other evidence will in some cases place an unreasonable burden upon post-conviction petitioners in this case they said indeed washington williams are two such cases this does not mean however that petitioners in such cases are relieved of bearing any burden whatsoever in this case defendant is asking to be excused not only from section 122-2's evidential requirements but also from its pleading requirements nothing in the act authorizes such a comprehensive departure the only supreme court in in collins basically had that argument presented and realized the difficulty subsequently in a fourth district case of people versus uh harris the defendant in harris basically said he contended unappealed to the fourth district that he provided a sufficient explanation for why he had failed to obtain signatures from his ex-wife and daughter for the proposed affidavits that he had drafted he stated for the proposition that because of his imprisonment by itself can't excuse the defendant's failure to attach such supporting documentation after the fourth district public court distinguished the washington case the court went on to basically hold that imprisonment by itself cannot excuse a defendant's failure to attach supporting material to a post-conviction petition to hold otherwise would be to render the requirement to attach supporting materials meaningless which we may not do so the people's argument here is not just something that's if you will made from whole or whatever it's it's based on what the illinois supreme court has said as well as what the fourth district has held that being incarcerated does not provide an adequate excuse to not supply affidavits and the easy way to take and view this against the backdrop is if you take a look at the four have no affidavits of those all of them contain hearsay statements of what the defendant claims these witnesses would say we really don't know what these witnesses would or would not testify to we're basically have to rely upon the defendant's claimed hearsay basically it has been held uh in hodges that hearsay affidavits are legally insufficient to support a petition so on that basis alone the trial judge's judgment finding that that that these witnesses would not have had an impact is clearly established as well as the fact that without having affidavits this court doesn't really have to decide um the the uh summary dismissal issue because the petition was not simply just not adequately supported by the by by anything by the record or by affidavit the same would hold true for both singleton and um i don't think i cannot remember the other name off the top probably probably once again the defendant's argument is well crawley and singleton were together and so singleton testified to this if probably testified in a similar fashion it would establish whatever defendant believes that that their evidence would establish that in other words marquee was not there there's a problem in just saying if crawley would have testified that that's not adequate support for basically suggesting that here in this case counsel was ineffective we don't know what her testimony would be as far as singleton was concerned again if you look at the record singleton did testify yes i saw michael shoot there was another individual there who i did not recognize i could not really see it i didn't you know unable to identify what was also brought out at her trial that she had earlier said that marquee was present and that he was involved in the in the fighting and he was with his brother yet now at the time of michael's trial a year or so later she now all of a sudden she just basically says i just i i did not offhand recognize anybody else in the fight that she could name although she testified to not recalling the defendant being in the fight she also testified to being told she had told police that defendant was in the fight but now she can really no longer remember if he was that is i don't think that that is a sufficient enough of a basis to take and hang your head on that her testimony was such that because of the fact that counsel went to trial without her that somehow this was deficient performance and so then if you go back to if you go back to the other four witnesses the way i i kind of look at it is four there are no affidavits with three there are police reports but they are inconclusive at best because because the the two brothers that were also involved in this fight neither one of them said that they didn't see marquee there they just identified two other individuals in this huge scuffle of course they were involved in the scuffle so their attention is going to be what their attention is not going to be who taking names of who all was in it so again inconclusive again not sufficient to take and say that basically uh if these witnesses had been called that somehow the result might very well have been different because no one here has been able to take and say that marquee wasn't there same way with his girlfriend she basically became equivocal when confronted by police about her statement about what else that they knew about where marquee was and what was going on that day she became equivocal so what we have is and then on top of that we have no one basically saying that no naming who the shooter was none of the five additional ones because none of them saw the shooter now when we get down to Fitzpatrick Fitzpatrick said yeah he goes uh he does take and say that uh well marquee wasn't there he also interestingly says in his affidavit that he was conscious the entire time of the fight but yet if you take a look at uh the co-defendant's trial uh beck the shy beck uh in the co-defendant brother's case testified that Fitzpatrick had been knocked unconscious so he wasn't conscious the entire time so he can't take and say whether marquee was or was not involved in the fight again what does the record show in light of the allegations that have been made and when the record refutes the allegations summary dismissal is proper finally what i'll take into is i'll address the defendant's brother's affidavit in people versus jones jones kind of set forth a standard with respect to whether evidence is newly discovered and in jones the court said that basically evidence is not newly discovered when it presents facts that are already known to the defendant at or before trial and it doesn't make a difference even though the source of that information may be unknown unavailable or uncooperative so it's the information that is known and so in this case what jones basically held was the fact that in in the jones case the evidence was not really discovered because in that case the co-defendant when he made his statement or he made his affidavit came after the co-defendant's sentencing and what the court basically said is at this particular point that co-defendant really didn't put himself at risk he didn't put himself at risk because his credibility could not be a factor in the assessment of the co-defendant's sentence and that was something that that kind of sort of went into whether or not something is really discovered in this case the defendant's brother's affidavit came two years after his sentencing and so based on how long did it come after the appeal uh the uh the appeal came out and the decision came out in 2020 the affidavit itself was done 2000 2017 so but the thing is it's it's at least what the uh jones case was focused on was not so much whether or not the fact the double jeopardy aspect or or the the not the double jeopardy but the self-accrimination aspect is none of us still there but what they're talking about is they were talking about the fact that that this evidence is even though the defendant was uncooperative the evidence was not newly discovered the evidence was still there and the fact that when the defendant came out and basically presented that shows that that he wasn't really um subjecting himself to anything he really at that point seriously still had nothing to lose and so basically he just figured basically we can take and provide this and so the court basically ruled the court basically held that that is not considered newly discovered evidence when something comes out like that well after the fact of like when the defendant was sentenced when he could be held accountable for what he was for what he would say for what he would do but even if even if evidence is considered newly discovered because of the fact that the defendant's brother's appeal was still pending the code of the the brother's affidavit really doesn't add any information that the jury didn't already have they already had the information the same information from williams so the co-defendants affidavit the brother's affidavit doesn't really supply any new or additional information that if it would be considered by the jury would take and turn the time i see that my time is up so you're saying that a confession is just cumulative the facts that underlie that confession okay the facts that underlie that are what has to be judged we just can't take and say that well because he confessed that that's new evidence what did what what are the factual underpinnings of that confession the fact that he said that that i shot him or that i was a shooter still does not relieve marquee of responsibility and simply saying that he wasn't there is exactly the same information that williams said the fact that it comes from from the defendant's brother which shows a familiar relationship which i is credibility which is not made at this particular juncture but it's still nonetheless a factor to take and consider in looking at the overall uh sufficiently the allegations again does not dictate that the contents of that affidavit is such of a conclusive character or the information is so new that there's a likelihood or a probability that a different result would and for the reasons i stated we would ask the court to take and affirm the trial judge's judgment unless there are any other questions are there any other questions no thank you your honor mr fisher any rebuttal yes thank you your honor uh the first point to mention is this court is one well-pledged claim the entire petition must advance to the second stage as i mentioned previously there were many claims uh set forth in the petition i do not discuss all of those in the briefs even if your honors agree with mr ganitovic that some of these witnesses might not merit further proceedings again if your honors believe that one or more do then the entire petition should be advanced and the summary dismissal order should be overturned uh again there were at the very least there were two affidavits uh that were appended to marquise's petition mr ganitovic spent some time talking about the other witnesses whose testimony was not supported by affidavits there were two affidavits in addition a point i meant to actually does not limit support of claims outside the record just to affidavits the post-conviction statute uh says the defendant or the petitioner shall append affidavits or records or other evidence as noted previously here marquise for example appended a transcript of cynthia singleton's testimony from michael's trial so that would be just as good as an affidavit he appended police reports uh concerning uh interviews with some of his witnesses torell and sean joiner and alexis evans so where he could he did present evidence in support of his claims certainly if this case advances to second stage council is appointed presumably council can track down witnesses and get affidavits from from everybody but even uh again if your honors think there's a problem there some of his claims were clearly well supported and that should have caused the judge to advance the entire petition to second stage uh council talks about the jones case newly discovered and of course the that that's a general principle but illinois case law is very clear that actual innocence can also be based on newly available evidence where the defendant knew about the witness prior to trial but simply could not get that witness to testify in this case is a perfect example of that involving his brother michael costick who is facing his own charges and therefore predictably exercised his right against self-incrimination when the defense attempted to call him as a witness there are several illinois cases involving very similar factual scenarios people versus molested which is one of the seminal actual innocence claims his co-defendants came forward after his trial because by that point they themselves had been tried whereas at the time of most ads trial they were facing charges they would not testify on his own behalf people versus coleman one of the cases i've cited in the brief very similar circumstance also important to point out that molested the court said the witnesses don't have to clearly show that the defendant would have been acquitted had the new witnesses testified because in molested among other things the court rejected a challenge to the sufficiency of the evidence but they said being co-defendants these are important new witnesses who might well make a difference and therefore would justify a new trial of course here marquise is simply asking for additional post-conviction proceedings uh it's important to note uh in response to an argument made by counsel here that it's true that michael had been convicted when he submitted the affidavit but his direct appeal at that time was still pending before this court one of the arguments he made on direct appeal was a new trial issue asking for a new trial so submitting the affidavit at that point still placed him into jeopardy and that is it's certainly important uh michael's testimony was not cumulative this was a first person account of of the person saying i'm the one who did it and not only did he say his brother wasn't the shooter he said his brother wasn't involved in the fight it was just him also a crucial crucial point uh at trial so for all of these reasons marquise respectfully asks your honors to reverse the summary dismissal order and remand this cause for additional proceedings at that point to allow witnesses to come forward and the judge can make a decision at that point whether they're credible and whether marquis should actually receive a new trial thank you thank you your questions no okay we thank you both for your arguments this morning we'll take the matter under advisement and we'll issue a written decision as quickly as possible the court will stand in brief recess and thank you very much